May it please the court, Ron Oldenburg for the petitioner, the petitioner and her husband on present in court. Basically this is a question on an immigration issue and in reference boils down to what is the criteria for determining when a sponsor can submit an affidavit of We're not in dispute that an affidavit of support to be acceptable must, the sponsor must be domiciled in the United States. What we're saying is that the sponsor in this case has been and still is domiciled in the United States. And that the U.S. Congress specifically used the word domiciled, not resident, in making that requirement. And that there is a difference between domiciled and being a resident. In fact, the case cited by the government in its brief, Lew v. Moss, basically sets forth the difference between domiciled and also set forth a number of factors, no single factor controlling how one would go to that determination, correct? Correct, your honor. And as I understand the record, it is that Higa, I may have that wrong. Higa. Higa, sorry, been working in Japan for more than three years. He's only visited the United States briefly during that time period. He's in definite employment in Japan. Even scheduled an interview for a managerial position there. He pays taxes in Japan. His bank account is in Japan. Though he testifies an intent to come to the United States when he gets through, that's the best we have. And he doesn't own any property here. So under a general, if I were just looking at substantial evidence factor in this case, it would seem to me that the determining judicial authority on substantial evidence could make that determination. So we're really looking at domicile. We're looking at what does domicile mean? Why don't I give Chevron deference here? Well, your honor, first I would respond that I don't think the facts have stated the information that you cite. You don't even have to go there. If I'm on a substantial evidence to give the I.J. or whoever makes those decisions, I got lots of that determination. We're on domicile here. And that's why I wanted to get you on domicile. Why don't I give Chevron deference to the BIA's determination here? Isn't this, the statute is silent or ambiguous, and its interpretation is based on a permissible construction? Your honor, that is a difficult question to answer. But basically, we feel that the entire evidence shows that the person has been domiciled here, and that that decision is not in accordance with the facts. That a person has a domicile, unless they take action to surrender or give up that domicile and acquire a new domicile. They continue to have that old domicile, and that the facts in this case do not show in any way that the sponsor gave up his domicile in the United States. And I can cite you to the record in that regard. Well, if all I'm doing is looking at whether the BIA or the I.J. made their substantial evidence to support their decision, then I have to go through and look at the record and say what facts are there to support, what facts aren't there to support. And therefore, I can decide one way or another, because I'm reviewing an agency's decision here. So I go to the law. It seems to me your best effort is to suggest that the law is wrong as they Well, there's nothing in this statute that says what domicile says. It's only a regulation. It's something the BIA has put together. Something they've said is what domicile is. Why don't I give Chevron deference to their idea of what this statute says, when it is silent and when their interpretation is based on a permissible construction of the statute? Well, that's in part, Your Honor, because the basic regulation that they are citing and using is, one, in conflict and, two, does not accord with the basic rules of a domicile. They're citing a provision of the statute and incorporating it into their regulation that says you determine residence without a reference to intent. And they're moving that over into their definition of domicile as it's contained in ACFR. So if you start with the preposition that intent is not a factor, then you are not using the terms for domicile, the traditional terms for domicile as shown in the case cited by the government. You are using a completely different test and you're equating domicile with residence. But their regulation says domicile equals place where a sponsor has his principal residence and intends to maintain that residence in the foreseeable future. And what they did then is they looked at the testimony and after looking at the testimony of which I've given you the facts, they made that determination. If you're going to fight this, and I looked at all the other, you can go to Gagadan versus Remus, domicile may be changed, Lew versus Moss, which gives the particular factors. I'm saying to myself, the BIA has set this, the statute is silent, why is not their idea of what this is effective? That's all I'm saying. Because we feel that the BIA is simply wrong and because the statute itself, excuse me, the regulation itself has the wrong test. We agree 100 percent with the decision in Lew versus Moss and the criteria that was followed. But that was not the standard that was followed here where they're applying and saying intent is not the correct way to determine it without regard to intent. So basically, that's our principal argument, Your Honor. Let me move to the second point. If I read the regulation itself, or the statute, sorry, 8 U.S.C. 1255A, I'm having a tough time suggesting how your joint sponsor argument makes it. Because it seems to me that what you're really talking about, the joint sponsor is only listed on the last end of that particular statute. And you want to have the joint sponsor be able to do everything under the statute, not just to suggest if, I mean, they don't do everything that they've got to do in order to be the sponsor. The only thing that the joint sponsor is able to show is that they don't meet the public need. And so they cannot be the sponsor themselves because they are only there for the public needs. So if we don't have a sponsor which is applicable, we're done. That's the position that the government is taking. Well, that's the way the statute reads. That's what I'm saying. And it is required that you have a sponsor who is domiciled in the United States according to the thing. But this gets back to the fact we're saying that the petitioner in this case has and still is domiciled. I understand that for your first argument on the real sponsor. But I'm talking about now your second argument, which is the joint sponsor can do it anyway, even if the first sponsor can't. On review of the thing, Your Honor, I would basically concur with the Court's opinion on that. I'd have to back off a minute. Okay. Thank you. Those are all my questions. Any further questions? All right. You have some time for rebuttal. I'll save the time. Good morning. May please the court. My name is Jesse Bless. I represent the attorney general of the United States. This is an issue of first impression around the certain courts of appeals. This has not been decided before. However, the definition of domicile has a time-tested definition, and the board's regulation, which was enacted by the attorney general of the United States, meets that time-tested definition. In our respondent's brief, we cite a number of cases from the Supreme Court, as well as from this court, that it is where a person resides with the intent to remain there for the foreseeable future, indefinitely foreseeable future. The language of the regulation meets that definition and is certainly permissible, and this court should defer to that definition. Moving on to whether the board properly applied that to the facts of this case, the court's review is for clearly erroneous under Louie Moss, and the board's decision here certainly was plausible in light of the record evidence. I'm not going to sit here and articulate the record evidence any more clearly than Judge Smith has done here, and we would submit that the board's decision under that record evidence was not clearly erroneous. If there are no other further questions, the respondent would submit on the brief. What is exactly, what do you want by way of the regulation? What do you regard as the issue with respect to the regulation that you want a published opinion on in order to uphold what you've done? I wasn't asking for a published opinion. I was just informing the court. The attorney general just wants to see. It's an issue that has been raised. Do you see this as a recurring issue? No, this is a very unique situation, which is obviously explaining why this circumstance may not have occurred before. I wasn't simply requesting this court to go ahead and draft an opinion. It can draft an opinion any way it sees fit. I was just informing the court that, as I've reviewed it, this issue has never been addressed before. No, but the question of domicile, which led me to the question of domicile. If we're going to look, Louie Moss is certainly the paradigm that we suggest, and in applying that to the immigration regulations, the board has obviously borrowed the time-tested definition and hasn't done anything unique that would take away and certainly make that definition impermissible. That's all I was trying to say. Okay? Go for the questions. I'd like to bring one other point to the attention of the court, and that is most of the decisions that have been decided in reference to the issue of domicile and residence have been cases in the United States. It is no problem, for example, for me to change my residence to California because I have the right to reside in California as a U.S. citizen. I don't have to be a citizen of California. In the present situation, for example, we have literally thousands of Japanese coming into Hawaii every week under the Visa Waiver Program. They have the physical presence, and they could easily form the intent or the desire to make Hawaii their permanent residence, their domicile. Can they do so? No, because they have a limitation on the 90 days that basically they're allowed to stay in the United States under the Visa Waiver Program. Even though they have the standard things of physical presence and intent, they cannot basically establish a domicile in the United States. Now, the record reflects that the sponsor in this case has a working visa in Japan. That does not mean he has the right to remain there, live there. That working visa could be terminated any time. I think that this is a factor that needs to be considered by the courts in any precedent decision in reference to the right of the individual to remain. That is not covered in Lupus, Moss, and the other cases, and we would suggest that this would be a factor for the courts to consider. Thank you. Thank you. Appreciate that. The case just argued is submitted for decision. That concludes the court's calendar for this morning, and the court stands adjourned.
judges: Schroeder, Paez, Smith